## R. L. SCHENKER, Respondent, v. GEORGE BREECE, Appellant.

**Kansas City Court of Appeals, May 20, 1907.**

APPELLATE PRACTICE: Execution: Record: Abstract: Evidence. Where there is no evidence that the execution of which complaint is made as having been issued on a certain revived judgment is the execution the trial court acted upon, the judgment must be affirmed.

Appeal from Maries Circuit Court.—*Hon. William H. Martin*, Judge.

AFFIRMED.

*Joseph J. Crites, John A. Watson* and *J. W. Mosby* for appellant.

(1) It is elementary that the jurisdiction of courts of limited and inferior powers must somewhere appear on the face of the proceedings, otherwise their acts are void. Karnes v. Alexander, 92 Mo. 660; Rohland v. Railroad, 89 Mo. 180; Barhydt & Co. v. Alexander & Co., 59 Mo. App. 195; Kincaid v. Griffith, 64 Mo. App. 673; Ewing v. Donnelly, 20 Mo. App. 6; Robbins v. Boulware, 190 Mo. 44.

*W. S. Pope* and *J. W. Terrill* for respondent.

(1) This judgment should be affirmed upon the following authority: Blandon v. Martin, 50 Mo. App. 114; Catron v. Lafayette County, 125 Mo. 70; Drug Co. v. Bybee, 179 Mo. 366.

ELLISON, J.—This proceeding arose on a motion to quash an execution. The trial court overruled the motion and defendant appealed.

It appears from defendant's statement that a judgment was rendered in 1891 before G. W. Terry, J. P., in plaintiff's favor against defendant. That an execution was issued on the judgment and a return of no property upon which to levy. Afterwards, in 1900, the judgment was revived before J. L. Eads, another justice. A transcript of such judgment was then filed with the clerk of the circuit court. That an execution was issued on such judgment and levied upon lands of the defendant which were advertised for sale. A motion to quash was then made and is set out in the printed record. The grounds of the motion are that it was not shown that the Justice Eads had authority to revive the judgment; that no venue was stated in the affidavit to revive. But the record fails to disclose that any execution was introduced in evidence and no such writ or proceedings thereunder is shown. Neither is there any judgment, either original or revived, shown. The only record set out is the affidavit to revive the judgment; the motion to quash the execution and its being overruled; the motion for new trial and its being overruled, with exceptions to each. We have no record evidence that the execution of which complaint is made as having been issued on the revived judgment was the execution the trial court acted upon. The judgment of the trial court was proper. [Blandon v. Martin, 50 Mo. App. 114; Catron v. Lafayette Co., 125 Mo. 70; Meyer Bros. v. Bybee, 179 Mo. 354, 366.] It is therefore affirmed. All concur.